PER CURIAM.
Appellant, Curtis Lee Williams, a/k/a Curtis Bundle, was charged with robbery, tried and convicted. Appellant was sentenced to the state penitentiary for the term of his natural life. During the trial proceeding appellant was represented by private counsel.
Appellant’s appeal from the judgment of conviction and sentence was affirmed by this court in Williams v. State, Fla.App. 1972, 259 So.2d 795. After the foregoing-proceeding for relief had terminated adversely against appellant, he filed in the trial court a motion to vacate conviction and sentence pursuant to RCrP 3.850, 33 F.S.A. On September 25, 1972, the trial court entered an order denying appellant’s motion for relief.
Subsequently, on October 25, 1972, notice of appeal was filed to this court to review the trial court’s order. Appellant’s counsel, an assistant public defender, requested to be relieved as attorney for appellant under the rationale of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The record shows that the assistant public defender, on March 13, 1973, served a copy of this brief on appellant by certified mail. Further, the record discloses that the clerk of this court, on March 26, 1973, entered an order advising appellant that in 30 days, if he so desired, he could file a brief with this court submitting any matter that he deemed advisable in connection with this appeal. To date we have not received a brief or response from appellant.
In his Anders brief, the assistant public defender requested that this court review appellant’s brief, pro se, filed in the trial court pursuant to his motion to vacate his conviction and sentence.
We have very carefully examined the eight points raised by appellant in his brief filed pro se before the trial court seeking to vacate and set aside his judgment and sentence. We have likewise, with equal diligence, examined the entire record and briefs in the case previously before this court. Williams v. State, supra.
We have concluded that each of the points raised by appellant is without merit for the reason that the said points were raised on appellant’s direct appeal, or that he had sufficient and ample opportunity to raise them in his direct appeal.
The points not specifically involved in the direct appeal, but under review here, are completely uncorroborated and unsubstantiated and are only based upon appellant’s averments.
Accordingly, we
Affirm.
HOBSON and BOARDMAN, JJ., concur.
MANN, C. J., concurs in conclusion.